Simon, X
This suit is brought by the heirs and legal representatives of one Urbain Le Page, who died in the city of New Orleans, for the purpose of obtaining from the Gas Light Bank, the Bank of Louisiana, and the Louisiana State Bank, the transfer of a certain number of shares in the capital stocks of those Banks, alleged to have been owned by the deceased, and inherited by the petitioners.
The defendants admit that there is stock in their respective Banks in the name of the deceased, but they allege, that the plaintiffs must first be recognized by the Court of Probates as the heirs of the deceased, and that the District Court has no jurisdiction ; and they deny that the plaintiffs are the heirs and representatives of Urbain Le Page, as by them alleged.
Judgment was rendered below in favor of the plaintiffs, ordering the transfer prayed for to be made ; and the defendants have appealed.
The evidence establishes satisfactorily, that the plaintiffs are the legal heirs of the deceased. The latter never was married, and the petitioners are his parents, and brothers and sisters. It is also shown, that there are no debts due by Urba'in Le Page in this State, and it is not pretended that he owes any elsewhere.
This is not one of the cases enumerated in articles 924 and 925 of the Code of Practice, as coming exclusively under the power and jurisdiction of the Court of Probates, which, being a court of limited and special jurisdiction, cannot take cognizance of matters which, though relating to a succession, are not placed by law under its immediate control and supervision. The plea to the jurisdiction of the District Court was, therefore, 'properly overruled.
But it has been insisted, that the plaintiffs cannot exercise the present action, unless they are ready to show that they have been duly recognized as the heirs of the deceased, and put in possession of his estate, by a regular decree of the Court of Probates of the place where the succession was opened. Nothing shows that this estate ever was put under the administration of a curator, administrator, or testamentary executor appointed by 'the Court *185 of Probates ; and under art. 1000 of the Code of Practice, the recognition of the heirs before the Probate Court, appears only to be required in cases where the heirs seek to compel a curator, administrator, or testamentary executor to render an account of his administration. CodeofPract. arts. 1001, 1002, 1003. Now, by express provisions of our law, the lawful heir of a deceased person acquires the succession immediately after the death of the latter ; and this right is vested in the heir by the operation of the law alone, before he has taken any step to put himself in possession. “ Le mort saisit le vifand one of the effects of this right is to authorize the heir to institute all the actions which the deceased had a right to institute, and to prosecute those already commenced; for, the heir, says the law, represents the deceased in every thing and is of full right in his place, as well for his rights as his obligations. Civ. Code, arts. 934, 935, 936, 939. This doctrine was fully recognized in the case of Addison v. The New Orleans Savings Bank, 15 La. 528, in which we held, that all that can be required of the heir, is to furnish satisfactory evidence of his right to inherit; and such right has been proven in this case.
We must remark, however, that there was perhaps no necessity for instituting the present action ; as from the laws above referred to, it is clear, that the plaintiffs, having acquired the succession of the deceased immediately after his death, and by the operation of the law alone, were vested with the right of considering the stock by them claimed, as their property, and of disposing of the same as their own, from the moment that the succession was opened. If so, what transfer do they want from the Banks ? Their title to the stock is complete ; and it seems that it would have been sufficient for them to present to the Banks the certificate of stock of the deceased, in order to obtain from them the substitution of their names to that of the deceased, on the books of those institutions, without its being necessary to resort to an action for that purpose. A stockholder is not a creditor until he becames entitled to a dividend, which, on being refused, might be the cause of an action against the Bank; but it is obvious that no new certificate of stock can be issued in the names of the plaintiffs, until they produce to the Banks the certificates *186 formerly delivered to their ancestor, or show that none exist, or that they have been lost or mislaid. However irregular and unnecessary the course pursued in this case may have been, no exception was taken below to the plaintiffs' action, which, on the contrary, was tried on its merits under the issues set up by the defendants; and as it does not behove us to decide the case upon any other point than those presented by the pleadings, all that we can say here is, that the plaintiffs have shown themselves legally entitled to be recognized as the owners of the stock admitted by the defendants to be in the name of, and possessed by ihe deceased in their several institutions.

Judgment affirmed.